

LAURA HINOJOSA
HIDALGO COUNTY DISTRICT CLERK
PO BOX 87
EDINBURG, TX 78540-0087



**Return Receipt (Electronic)**

9214 8901 0661 5400 0072 9480 60

C-8881-14-F
PATRICIA LUBEY, LLOYDS AMERICA INC.
UNDERWRITERS AT LLOYDS LONDON
25 W 53RD ST 14TH FL
NEW YORK, NY 10019-5401

**RETURN SERVICE
REQUESTED**



RECEIVED

NOV 1 0 2015

JOSEPH P. GUNSE

············································· CUT / FOLD HERE ·············································

············································· 9"x6" ENVELOPE
CUT / FOLD HERE ·············································

············································· CUT / FOLD HERE ·············································



EXHIBIT
*C*

**C-8881-14-F**
**332ND DISTRICT COURT, HIDALGO COUNTY, TEXAS**

## CITATION

### THE STATE TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.

**UNDERWRITERS AT LLOYDS LONDON**
**C/O PATRICIA LUBEY, LLOYDS AMERICA INC.**
**THE MUSEUM OFFICE BLDG.,**
**25 WEST 53ᴿᴰ ST., 14ᵀᴴ FLOOR**
**NEW YORK CITY, NY 10019**

You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S SECOND AMENDED PETITION AND REQUEST FOR DISCLOSURE at or before 10:00 o'clock a.m on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 332nd District Court of Hidalgo County, Texas at the Courthouse, 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on the on this the 29th day of December, 2014 and a copy of same accompanies this citation. The file number and style of said suit being, **C-8881-14-F, FIVE BROTHERS JALISCO PRODUCE, FIVE BROTHERS JALISCO PRODUCE   VS. ATAIN SPECIALTY INSURANCE COMPANY, UNDERWRITERS AT LLOYDS, LONDON**

Said Petition was filed in said court by Attorney ALOYSIUS PETER THADDEUS, JR.; 121 N. 10ᵀᴴ ST., MCALLEN, TEXAS 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 4th day of November, 2015.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

VERONICA LOPEZ DEPUTY CLERK

CERTIFIED MAIL  9214 8901 0661 5400 0072 9480 60

## CERTIFICATE OF RETURN
## UNDER RULES 103 T.R.C.P.

This is to certify that on this the 4th day of November, 2015 I, Veronica Lopez, Deputy Clerk of the 332nd District Court of Hidalgo County, Texas mailed to the defendant in Cause Number C-8881-14-F, FIVE BROTHERS JALISCO PRODUCE, FIVE BROTHERS JALISCO PRODUCE VS. ATAIN SPECIALTY INSURANCE COMPANY, Underwriters at Lloyds, London a copy of the citation along with a copy of the petition by certified mail return receipt requested. Return receipt was returned on the _____ day of _____, 201___ (or unserved for the reason on the certificate return) _____.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Edinburg, Texas on this the 4th day of November, 2015.


LAURA HINOJOSA, DISTRICT CLERK
HIDALGO COUNTY, TEXAS

_____
VERONICA LOPEZ, DEPUTY CLERK

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
### CONSTABLE OR CLERK OF THE COURT

In accordance with Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED** in _____County, State of Texas, on the _____ day of _____, 20_____.


_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
10/8/2015 10:03:29 AM
Hidalgo County District Clerks
Reviewed By: Veronica Lopez

## CAUSE NUMBER C-8881-14-F

| | | |
|---|---|---|
| FIVE BROTHERS JALISCO PRODUCE | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| ATAIN SPECIALTY INSURANCE COMPANY and CERTAIN UNDERWRITERS AT LLOYDS, LONDON | § | |
| Defendant | § | 332D JUDICIAL DISTRICT |

### PLAINTIFF'S SECOND AMENDED PETITION AND REQUEST FOR DISCLOSURE

NOW COMES, FIVE BROTHERS JALISCO PRODUCE (hereinafter referred to as ("PLAINTIFF"), and files its Second Amended Petition against DEFENDANT, ATAIN AND UNDERWRITERS and Defendant CERTAIN UNDERWRITERS AT LLOYDS, LONDON (Certificate No.: 441768), for cause of action would respectfully show the Court the following:

### I.    DISCOVERY

Pursuant to rule 190 of the Texas Rules of Civil Procedure, PLAINTIFF intends to conduct discovery under Level 3.

### II.    SERVICE OF PROCESS

A.    Defendant, ATAIN SPECIALTY INSURANCE COMPANY, may be served with process by serving citation and a copy of this Original Petition by Certified Mail Return Receipt Requested on the COMMISSIONER OF INSURANCE: TEXAS DEPARTMENT OF INSURANCE, P.O. BOX 149104 AUSTIN, TEXAS 78714, whom will then serve process by sending citation and copy of the original petition to: ATAIN SPECIALTY INSURANCE

Electronically Filed
10/8/2015 10:03:29 AM
Hidalgo County District Clerks
Reviewed By: Veronica Lopez

COMPANY 30833 NORTHWESTERN HIGHWAY SUITE 220, FARMINGTON HILLS MI 48334-2582

B.      Defendant, **UNDERWRITERS AT LLOYDS LONDON** (Certificate No. 441768) **(Underwriters)**, may be cited with process by serving original citation and a copy of this First Amended Petition by Certified Mail Return Receipt Requested at: Patricia Lubey, Lloyds America Inc., The Museum Office Bldg., 25 West 53rd St., 14th Floor, New York City, NY 10019.

**ATAIN AND UNDERWRITERS** are in the business of insurance in the State of Texas. The insurance business done by **ATAIN AND UNDERWRITERS** in Texas includes, but is not limited to the following:

1.      The making and issuing of contracts of insurance with the PLAINTIFF;

2.      The taking or receiving of application for insurance, including the PLAINTIFF application for insurance;

3.      The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFF;

4.      The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFF;

5.      The adjusting and inspection of PLAINTFF insurance claims;

6.      Making insurance coverage decisions;

7.      Taking part in making insurance coverage decisions; and

8.      Making representations to PLAINTIFF as being an agent for an insurance company with authority to make coverage decisions.

Electronically Filed
10/8/2015 10:03:29 AM
Hidalgo County District Clerks
Reviewed By: Veronica Lopez

## III.   JURISDICTION AND VENUE

Venue of this action is proper in HIDALGO County, Texas because: the policy at issue was issued and delivered in HIDALGO County, Texas; the property insured is situated in HIDALGO County, Texas; PLAINTIFF'S losses occurred in HIDALGO County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFF claims and causes of action occurred in HIDALGO County, Texas.

## IV.   FACTS

ATAIN AND UNDERWRITERS and/or its agents committed the actions alleged by PLAINTIFF in this complaint. PLAINTIFF owns the property located at: 9000 SEGUIN DRIVE, PHARR, TEXAS 78577; ATAIN, POLICY NO. CIP195953, CLAIM NO. 222182, and UNDERWRITERS, Certificate No.:441768, Authority Ref. No.:  RAS357/12,      Syndicate: 11RAS357, provided coverage to the PLAINTIFF for such building, personal property, and other matters under ATAIN AND UNDERWRITERS insurance POLICY NO. CIP195953. During the term of said policy, PLAINTIFF sustained covered losses in rain/windstorm on or about March 29, 2012, April 20, 2012, and September 12, 2014 in HIDALGO County, and water damages resulting there from, including damage to the architectural finishes of the property. PLAINTIFF promptly reported losses to ATAIN AND UNDERWRITERS pursuant to the terms of the insurance policy. As a result, PLAINTIFF property sustained damage, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas. These are covered damages under PLAINTIFF'S insurance policies with ATAIN AND UNDERWRITERS. PLAINTIFF has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having conduct business during the pendency of ATAIN AND UNDERWRITERS conduct.

Electronically Filed
10/8/2015 10:03:29 AM
Hidalgo County District Clerks
Reviewed By: Veronica Lopez

## V. CONDITIONS PRECEDENT

All notices and proofs of loss were timely and properly given to **ATAIN AND UNDERWRITERS** in such manner as to fully comply with the terms and conditions of the relevant insurance policies or other contracts and applicable law. More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, section 541 and Business and Commerce Code section 17.505(a), was sent to **ATAIN AND UNDERWRITERS**. All of the conditions precedent to bring about this suit under the insurance policy have occurred. Despite the fact that all conditions precedent to PLAINTIFF recovery has occurred and/ or has been performed, **ATAIN AND UNDERWRITERS** has failed and refused to pay PLAINTIFF a just amount in accordance with their contractual obligations, agreements, and representations.

## VI. BREACH OF CONTRACT

PLAINTIFF purchased an insurance policy with **ATAIN AND UNDERWRITERS**. PLAINTIFF'S property was damaged by windstorm and water damage, of which are covered under the insurance policy. **ATAIN AND UNDERWRITERS** has denied and/or delayed payment of PLAINTIFF'S covered claims. **ATAIN AND UNDERWRITERS** has no reasonable basis for denying, delaying, or failing to pay PLAINTIFF'S claims for damages. **ATAIN AND UNDERWRITERS** knew or should have known that there was no such reasonable basis to deny, delay, and failure to pay such claims. The conduct of **ATAIN AND UNDERWRITERS** was irresponsible, and unconscionable. **ATAIN AND UNDERWRITERS** took advantage of the PLAINTIFF's lack of sophistication in insurance and construction matters to a grossly unfair degree. **ATAIN AND UNDERWRITERS** has, by its conduct, breached its

Electronically Filed
10/8/2015 10:03:29 AM
Hidalgo County District Clerks
Reviewed By: Veronica Lopez

contract with the PLAINTIFF. The conduct of **ATAIN AND UNDERWRITERS** has proximately caused the injuries and damages to the PLAINTIFF.

### VII.   SECOND CAUSE OF ACTION: DTPA VIOLATIONS

PLAINTIFF is a consumer entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, **ATAIN AND UNDERWRITERS** has engaged in the following violations of the DTPA which, together and separately, has been a producing cause of PLAINTIFF damages:

(a)   **ATAIN AND UNDERWRITERS** made false representations about PLAINTIFF rights, remedies and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b) (5), (7), (12) and (14), Texas Business & Commerce Code;

(b)   **ATAIN AND UNDERWRITERS** actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a) (1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)   **ATAIN AND UNDERWRITERS** failed to disclose information to PLAINTIFF concerning the nature and extent of their insurance policy which was known by **ATAIN AND UNDERWRITERS** at the time for the purpose of inducing PLAINTIFF into transactions which they would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)   As described above, **ATAIN AND UNDERWRITERS** violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce Code.

Electronically Filed
10/8/2015 10:03:29 AM
Hidalgo County District Clerks
Reviewed By: Veronica Lopez

ATAIN AND UNDERWRITERS took advantage of PLAINTIFF's lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to the PLAINTIFF property. ATAIN AND UNDERWRITERS conduct as described herein was a producing cause of damages to PLAINTIFF for which PLAINTIFF sue. The conduct of the ATAIN AND UNDERWRITERS was more than just a mistake and was done "knowingly" and/or "intentionally" as that term is derived by statue. Because of that, ATAIN AND UNDERWRITERS may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFF seeks an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

## VIII.   UNFAIR INSURANCE PRACTICES

ATAIN AND UNDERWRITERS failed to inform PLAINTIFF of material facts such as the true scope of damage and cost to repair. ATAIN AND UNDERWRITERS failed to properly process claims and have misrepresented material facts to the PLAINTIFF. ATAIN AND UNDERWRITERS have failed to address all damage to the property and its contents causing further damage to the PLAINTIFF. Further, ATAIN AND UNDERWRITERS have intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFF; and have intentionally ignored damages to the dwelling. PLAINTIFF' property suffered from covered losses and damages of which ATAIN AND UNDERWRITERS are fully aware. ATAIN AND UNDERWRITERS has concealed damage known by them to exist. ATAIN AND UNDERWRITERS has known about covered windstorm and water damages but has failed to perform proper testing and concealed facts from PLAINTIFF about the damages, ignoring

Electronically Filed
10/8/2015 10:03:29 AM
Hidalgo County District Clerks
Reviewed By: Veronica Lopez

PLAINTIFF's pleas for help. **ATAIN AND UNDERWRITERS** has failed to warn PLAINTIFF of consequential damage to their property.

By its conduct outlined above, **ATAIN AND UNDERWRITERS** committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. **ATAIN AND UNDERWRITERS** committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)   **ATAIN AND UNDERWRITERS** failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFF claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2)   **ATAIN AND UNDERWRITERS** failed to provide promptly to PLAINTIFF a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)   **ATAIN AND UNDERWRITERS** refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)   **ATAIN AND UNDERWRITERS** breached its duty of good faith and fair dealing at common law;

(5)   **ATAIN AND UNDERWRITERS** failed within a reasonable time to affirm or deny coverage of a claim to a policyholder (Tex. Ins. Code Ann. 541.060(a)(4)(A); 28 TAC section 21.203(10));

Electronically Filed
10/6/2015 10:03:29 AM
Hidalgo County District Clerks
Reviewed By: Veronica Lopez

(6)     **ATAIN AND UNDERWRITERS** failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(7)     **ATAIN AND UNDERWRITERS** compelled PLAINTIFF to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(8)     **ATAIN AND UNDERWRITERS** violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(9)     **ATAIN AND UNDERWRITERS** undertook to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim (Tex. Ins. Code Ann. 541.060(a)(6); 28 TAC section 21.203(13));

(10)    **ATAIN AND UNDERWRITERS** committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

    (a)     **ATAIN AND UNDERWRITERS** made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

        (i)      the terms of the policy; and/or

        (ii)     the benefits or advantages promised by the policy.

    (b)     **ATAIN AND UNDERWRITERS** made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a) (1); 28 TAC section 21.203(1));

Electronically Filed
10/8/2015 10:03:29 AM
Hidalgo County District Clerks
Reviewed By: Veronica Lopez

(c)     **ATAIN AND UNDERWRITERS** failed to state a material fact necessary to make other statements made not misleading considering the circumstances under which statements were made; and

(d)     **ATAIN AND UNDERWRITERS** made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(e)     Refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11); and

(f)     Failing to respond promptly to a request by a claimant for personal contact about or review of the claim (28 TAC section 21.203(16)).

**ATAIN AND UNDERWRITERS** conduct as described herein was a producing cause of damages to PLAINTIFF for which it sues.

**IX.     BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

From and after the time the PLAINTIFF' claims were presented to **ATAIN AND UNDERWRITERS** liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFF claims, **ATAIN AND UNDERWRITERS** refused to accept the claims in totality and pay the PLAINTIFF as the policy required. At that time, **ATAIN AND UNDERWRITERS** knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. **ATAIN AND UNDERWRITERS** failed to conduct a reasonable and proper inspection of the

Electronically Filed
10/8/2015 10:03:29 AM
Hidalgo County District Clerks
Reviewed By: Veronica Lopez

claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the PLAINTFFS' claims in good faith, an affirmative duty placed on the Defendant, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, **ATAIN AND UNDERWRITERS** breached its duty to deal fairly and in good faith with the PLAINTIFF. **ATAIN AND UNDERWRITERS** breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFF for which they sue.

### X.    TEXAS INSURANCE CODE 542, SUBCHAPTER B DELAY IN PAYMENT

PLAINTIFF gave prompt notice of their claims to **ATAIN AND UNDERWRITERS**. **ATAIN AND UNDERWRITERS** has engaged in unfair settlement claims practices as discussed above and denied and/or has delayed payment on PLAINTIFF claims. **ATAIN AND UNDERWRITERS** reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. **ATAIN AND UNDERWRITERS** investigation and use of adjusters' reports was an "outcome oriented investigation." **ATAIN AND UNDERWRITERS** failed to comply with the requirements of Chapter 542 listed herein:

(a)    Failing to notify PLAINTIFF in writing, within 15 business days after receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and/or

(b)    Failing to pay PLAINTIFF claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

Electronically Filed
10/8/2015 10:03:29 AM
Hidalgo County District Clerks
Reviewed By: Veronica Lopez

(c)     Failing to request all of the items, statements and forms the Defendant reasonably

believed at the time would be required from PLAINTIFF to pay the claim within

15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFF are entitled to

recover from **ATAIN AND UNDERWRITERS** the statutory penalty of 18% per annum on all

amounts due on PLAINTIFF claims, together with attorney's fees, for which they sue.

## XI.

PLAINTIFF alleges that as to any terms, conditions, notices, or requests under the

insurance contract, PLAINTIFF has substantially complied and/or is excused. In the alternative,

PLAINTIFF make the allegation of waiver and/or estoppel as to every defense or exclusion plead

by **ATAIN AND UNDERWRITERS** as to any exclusion, condition, or defense pled by **ATAIN**

**SPECIALTIY INSURANCE COMPANY**, PLAINTIFF would show that:

1.  The clear and unambiguous language of the policy provides coverage for dwelling

    damage caused by windstorm and water damage, including the cost of access to fix

    the damaged areas. Any other construction of the language of the policy is void as

    against public policy;

2.  Any other construction and its use by **ATAIN AND UNDERWRITERS** violates

    section 541 and 542 of the Texas Insurance Code and are void as against public

    policy;

3.  Any other construction violates Art. 17.50 of the Texas Business and Commerce

    Code, is unconscionable, was procured by fraudulent inducement, and is void as

    against public policy;

Electronically Filed
10/8/2015 10:03:29 AM
Hidalgo County District Clerks
Reviewed By: Veronica Lopez

4. Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFF' predecessor policy with **ATAIN AND UNDERWRITERS**. In this regard, PLAINTIFF would show that their insurance policy was renewed uninterrupted for many years; and

6. The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFF. In the alternative, **ATAIN AND UNDERWRITERS** is judicially, administratively, or equitably estopped from denying PLAINTIFF's construction of the policy coverage at issue. To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFF pleads the doctrine of mutual mistake requiring reformation.

## XII. JURY DEMAND

Plaintiff requests this Court empanel a jury to sit in the trial of this matter. The requisite jury fee will be paid as required by law.

## XIII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF respectfully requests this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF such relief as to which he may show himself justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the

Electronically Filed
10/8/2015 10:03:29 AM
Hidalgo County District Clerks
Reviewed By: Veronica Lopez

defendant for actual attorney's fees, cost of suit, mental anguish, DTPA violations, Texas insurance code violations, statutory penalties, and prejudgment and post judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading in exceeding the minimal jurisdictional limits of the court.

## XIV.   REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, PLAINTIFF request that **ATAIN AND UNDERWRITERS** disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

**V. GONZALEZ & ASSOCIATES, P.C.**
121 N. 10th St.
McAllen, Texas 78501
Telephone: (956) 630-3266
Facsimile: (956) 630-0383

*/S/Aloysius Peter Thaddeus, Jr.*
**ALOYSIUS PETER THADDEUS, JR.**
State Bar No. 19819500
peter@vgonzalezlaw.com

**VICENTE GONZALEZ**
State Bar No. 00798215

*ATTORNEYS FOR PLAINTIFF*

Electronically Filed
10/8/2015 10:03:29 AM
Hidalgo County District Clerks
Reviewed By: Veronica Lopez

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th   day of October 2015, I have caused a true and correct copy of the foregoing instruments to be served on the following attorneys of record:

*Via Facsimile: 1-888.255.0132*
Stephen Brega
Castagna Scott LLP
1120 S. Capital of Texas Hwy.
Bldg. 2, Suite 270
Austin, TX 78746

*/S/ Aloysius Peter Thaddeus, Jr.*
ALOYSIUS PETER THADDEUS, JR.

CAUSE NO. C-8881-14-F

| | | |
|---|---|---|
| FIVE BROTHERS JALISCO PRODUCE | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| V. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| ATAIN SPECIALTY INSURANCE COMPANY and CERTAIN UNDERWRITERS AT LLOYDS, LONDON | § | |
| *Defendant.* | § | 332ND JUDICIAL DISTRICT |

### DEFENDANT ATAIN SPECIALTY INSURANCE COMPANY'S ORIGINAL ANSWER

NOW COMES Atain Specialty Insurance Company, Defendant in the above entitled and numbered cause, and files its Original Answer. In support of Atain Specialty Insurance Company's Original Answer, Defendant would respectfully show unto the Court and Jury as follows:

### I.
### GENERAL DENIAL

1. The Texas Rules of Civil Procedure and, in particular Rule 92, affords citizens and corporations of this state certain protections with respect to lawsuits of this type. Accordingly, Defendant invokes the provisions of that rule and do generally deny the allegations now made against it by the Plaintiff and its attorney.

2. At any trial of this cause, Defendant will exercise its legal rights in this regard and require Plaintiff to carry the burden of proof, which the law imposes upon it, to prove each and every material allegation contained in its pleadings by a preponderance of the credible evidence.

1

## II.
## AFFIRMATIVE DEFENSES

3.      Defendant asserts Plaintiff's alleged damages, if any, were the result of an intervening and/or superseding cause or condition for which Defendant bears no legal responsibility or liability.

4.      Further, Defendant asserts that Plaintiff failed to mitigate its damages.

5.      By way of further affirmative defenses, Defendant asserts that Defendant could not be liable for the damages claimed by the Plaintiff as the loss, or a portion of the loss, claimed by the Plaintiff was due to a risk or cause, coming within one or more of the following particular exclusions, exceptions, or limitations as described in the applicable insurance agreement:

    a.      Failure to provide prompt notice of loss or damage;
    b.      Failure to allow access to inspect the claimed damages at the time of the loss;
    c.      Failure to take all reasonable steps to protect the covered property from further damages;
    d.      Neglect of the insured to use all reasonable means to save and preserve property from further damage after the time of loss; and
    e.      Failure for alleged damages to occur during the applicable policy period.

6.      Defendant states that the claims made by the Plaintiff in this case arise out of an occurrence or event that was caused by the acts of third persons or entities for whose conduct or actions Defendant is not responsible.  These acts and/or omissions of third persons or entities operate as the sole proximate cause of the occurrence made the basis of this lawsuit and the injuries and damages, if any, claimed by the Plaintiff.

7.      Answering further, Defendant would show that it is entitled to the application of Chapters 32 and 33 of the Texas Civil Practice & Remedies Code with respect to contribution and comparative responsibility, to the extent that it is entitled to have its liability, if any, reduced

2

by the percentage of liability found to have resulted from the acts and/or omissions of each claimant, each liable defendant, each settling person, and each responsible third-party.

8.  Defendant requests that the trier of fact decide all questions and issues regarding Plaintiff's request for attorney fees.

9.  If evidence of attorney fees is allowed, Defendant requests Plaintiff be required to segregate all amount sought as to those claims for which attorney fees are recoverable and as to those claims for which attorney fees are non-recoverable.

10.  Defendant states that Plaintiff is not entitled to recover punitive or exemplary damages in any form or fashion in its alleged cause of action in that it would violate Defendant's rights under the Constitution of the United States and the Constitution of the State of Texas. In the alternative, and without waiving the foregoing, Defendant is entitled to the protections afforded to it under Texas Practices and Remedy Code Ann. §41.003 et. seq.

### III.
### JURY DEMAND

11.  Defendant tenders its statutory jury fee and demands a trial by jury.

### IV.
### REQUEST FOR DISCLOSURE

12.  Pursuant to Tex. R. Civ. P. 194, Plaintiff is hereby requested to disclose within 30 days after service of this Original Answer and Request for Disclosure, the information or material listed in Rule 194.2, with such information or material to be produced at Castagna Scott LLP, 1120 S. Capital of Texas Highway, Building 2, Suite 270, Austin, Texas 78746.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Atain Specialty Insurance Company prays that upon final hearing of this cause that the Court enter its judgment to the effect that Plaintiff takes nothing by way of its cause of action against the Defendant, that

Defendant is awarded court costs, legal interest, both prejudgment and post judgment interest, and for such other and further relief to which Defendant may be justly entitled, either at law or in equity.

Respectfully submitted,

**CASTAGNA SCOTT LLP**
1120 S. Capital of Texas Highway
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax
Stephen@texasdefense.com

By: */s/ Stephen P. Bega*
    Lynn S. Castagna
    State Bar No. 03980520
    Stephen P. Bega
    State bar No. 24012269

**ATTORNEYS FOR DEFENDANT
ATAIN SPECIALTY INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record in the manner indicated below:

*VIA FACSIMILE: 956/630-0383*       *VIA FACSIMILE: 713/877-1138*
Aloysius Peter Thaddeus, Jr.      Brook K. Minx
Vicente Gonzalez      Ian C. Hernandez
V. Gonzalez & Associates, P.C.      DONATO, MINX, BROWN & POOL, P.C.
121 N. 10th Street      3200 Southwest Freeway
McAllen, Texas 78501      Suite 2300
     Houston, Texas 77027

and in accordance with the Texas Rules of Civil Procedure, on this 30th day of November, 2015.

*/s/ Stephen P. Bega*
Stephen P. Bega

5

11/30/2015  8:17AM (GMT-06:00)

Electronically Filed
12/7/2015 12:08:07 PM
Hidalgo County District Clerks
Reviewed By: Veronica Lopez

## CAUSE NO. C-8881-14-F

| | | |
|---|---|---|
| FIVE BROTHERS  JALISCO PRODUCE | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | |
| | § | |
| ATAIN SPECIALTY INSURANCE | § | HIDALGO COUNTY, TEXAS |
| COMPANY and CERTAIN | § | |
| UNDERWRITERS AT LLOYDS, | § | |
| LONDON | § | 332RD JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER SUBJECT TO NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Defendant, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON (hereafter "Defendant"), and files its Original Answer Subject to Notice of Removal and would respectfully show the Court as follows:

## GENERAL DENIAL

1.      Defendant asserts a general denial as authorized by Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, and respectfully request the Court and Jury require Plaintiff to prove Plaintiff's claims, charges and allegations by the standard of evidence as required by the Constitution and Laws of the State of Texas and the Constitution and Laws of the United States of America.

## AFFIRMATIVE DEFENSES

2.      Pleading further and in the alternative, Defendant would show the occurrence in question, as well as the damages complained of, were proximately caused or producingly caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of third parties or persons or entities over whom Defendant has no right of control nor for whom Defendant is legally responsible.  Accordingly, Defendant is entitled to a jury instruction on sole proximate cause and new and independent or superseding cause.

3.      Pleading further and in the alternative, Defendant would show in the event it is found liable to the Plaintiff, any such liability being expressly denied, then, in that event, Defendant would show that it is entitled to contribution, credit, and/or indemnity, as provided by the laws and statutes of the State of Texas including, but not limited to, the provisions of Chapter 32 and Chapter 33 of the Texas Civil Practice and Remedies Code, as well as other applicable laws and statutes.

4.      Pleading further and in the alternative, Defendant asserts the affirmative defenses of accord and satisfaction, release, payment, credit, offset, *res judicata*, collateral estoppel, statute of limitations, and waiver and laches, as provided under Rule 94 of the Texas Rules of Civil Procedure.

5.      Pleading further and in the alternative, Defendant would show Plaintiff failed to mitigate his damages as required under applicable law.

6.      Pleading further and in the alternative, Plaintiff's causes of action are further barred, either in whole or in part, because he has failed to state a claim upon which relief can be granted, with regard to Plaintiff's extra contractual claims.  Specifically, Plaintiff failed to describe particular facts or circumstances that transform alleged contractual claims into a cause of action for alleged violations of the Deceptive Trade Practices Act, the Texas Insurance Code, or an alleged breach of good faith and fair dealing.  Plaintiff fails to allege any specific conduct on the part of Defendant which would subject it to liability under §§ 541.060 and/or 541.151 of the Texas Insurance Code or any section of the Deceptive Trade Practices Act.  Defendant specifically states it did not knowingly or otherwise make any false, fraudulent, or negligent misrepresentations to Plaintiff.

2

7.     Pleading further and in the alternative, Defendant specifically denies that all conditions precedent to recovery have been met.  As a result, this suit is premature and its filing may unnecessarily inflate the attorney's fees and expenses in connection with this suit.

8.     Pleading further and in the alternative, exemplary damages awarded, if any, pursuant to Texas Civil Practice and Remedies Code § 41.001, et. seq., are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Furthermore, any award of exemplary damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution unless Plaintiff proves Defendant's liability for exemplary damages, and the amount of exemplary damages, if any, by clear and convincing evidence.

9.     Pleading further and in the alternative, Defendant requests the denoted breach of contract claim be tried first and prior to the trial of the extra-contractual claims.

10.    Furthermore, Defendant relies on all conditions, limits, exclusions, conditions, exceptions, definitions, terms and provisions contained in the policy of insurance on which Plaintiff filed suit.

11.    Pleading further and in the alternative, Defendant asserts some of Plaintiff's claims are barred by the applicable statute of limitations.

### JURY DEMAND

Pursuant to the provisions of Rule 216 of the Texas Rules of Civil Procedure, Defendant formally makes this demand and application for a jury trial in this lawsuit. A jury fee has been paid by Plaintiff.

3

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, CERTAIN UNDERWRITERS OF LLOYDS, LONDON prays Plaintiff take nothing by reason of this suit, Defendant be released, discharged and acquitted of the charges, it go hence with costs, without delay, and for such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled, and for which it will in duty bound forever pray.

Respectfully submitted,

DONATO, MINX, BROWN & POOL, P.C.

Brook F. Minx
SBN 00789905
bminx@donatominxbrown.com
Ian Hernandez
SBN 24036763
ihernandez@donatominxbrown.com
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027
Phone: 713-877-1112
Facsimile: 713-877-1138

*ATTORNEYS FOR DEFENDANT CERTAIN UNDERWRITERS AT LLOYDS, LONDON*

4

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing was served on all counsel of record in accordance with the Texas Rules of Civil Procedure on December 7, 2015 via the method prescribed below:

**VIA FACSIMILE 956.630.0383**

Aloysius Peter Thaddeus, Jr.
Vicente Gonzalez
V. Gonzalez & Associates, P.C.
121 N. 10th Street
McAllen, Texas 78501
956-630-3266
peter@vgonzalezlaw.com

*Attorneys for Plaintiff*

Stephen P. Bega
Lynn S. Castagna
Castagna Scott, LLP
1120 S. Capitol of Texas Highway
Building 2, Suite 270
Austin, TX 78746
888-255-0132
Stephen@texasdefense.com

**VIA FACSIMILE 888.255.0132**

Ian C. Hernandez

5

CASE SUMMARY

# CASE SUMMARY
### CASE NO. C-8881-14-F

| | | |
|---|---|---|
| FIVE BROTHERS JALISCO PRODUCE, FIVE BROTHERS JALISCO PRODUCE<br>VS.<br>ATAIN SPECIALTY INSURANCE COMPANY,<br>Underwriters at Lloyds, London | §<br>§<br>§<br>§ | Location: **332nd District Court**<br>Judicial Officer: **Ramirez, Mario E., Jr.**<br>Filed on: **12/29/2014** |

---

### CASE INFORMATION

| | |
|---|---|
| Case Type: | **Contract -**<br>**Consumer/Commercial/Debt**<br>**(OCA)** |
| Subtype: | **Hail Storm 2012 - 93rd** |

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment**<br>Case Number          C-8881-14-F<br>Court                     332nd District Court<br>Date Assigned        12/29/2014<br>Judicial Officer      Ramirez, Mario E., Jr. |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Plaintiff** | **FIVE BROTHERS JALISCO PRODUCE** | **Djiab, Pape Malick**<br>*Retained*<br>956-630-3266(W) |
| | **FIVE BROTHERS JALISCO PRODUCE** | **THADDEUS, A. PETER, Jr.**<br>*Retained*<br>956-630-3266(W) |
| **Defendant** | **ATAIN SPECIALTY INSURANCE COMPANY** | |
| | **Underwriters at Lloyds, London** | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 11/30/2015 | Answer<br>Party:  Defendant  ATAIN SPECIALTY INSURANCE COMPANY<br>*Defendant Atain Specialty Insurance Company's Original Answer* | |
| 11/05/2015 | Manual Check Issued<br>*Adj\*DC-2014-111911 Ck#45943 issued to: Texas Department of Insurance iao $50 for service* | |
| 11/04/2015 | Service Issued | |
| 11/04/2015 | **Citation By Certified Mail**<br>ATAIN SPECIALTY INSURANCE COMPANY<br>Unserved<br>Underwriters at Lloyds, London<br>Unserved | |
| 10/08/2015 | Second Amended<br>*Second Amended Peition and request for service* | |
| 08/13/2015 | Request<br>*filing fees* | |

*Printed on 12/08/2015 at 10:23 AM*

CASE SUMMARY

# CASE SUMMARY
## CASE NO. C-8881-14-F

| | |
|---|---|
| 08/04/2015 | First Amended<br>*Plaintiff's First Amended Petition* |
| 05/13/2015 | Clerk's Entry<br>*CALLED ATTYS OFFICE REGARDING PENDING FEES = $50 COMMISSIONER OF INSURANCE, $13 2ND SET OF COPIES, $ 4 ($12 CITATION) PENDING FOR DIFFERENCE ON CITATION = $67 TOTAL. LEFT MESSAGE FOR MS HIDLA CALDWELL TO RETURN CALL* |
| 05/11/2015 | Petition<br>*PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE* |
| 01/13/2015 | Clerk's Entry<br>*PENDING FEES FOR COMMISSIONER OF INSURANCE* |
| 12/29/2014 | Original Petition (OCA)<br>*PLAINTIFF'S ORIGINAL PETITION, RFD* |

| DATE | FINANCIAL INFORMATION | |
|---|---|---|
| | **Defendant** ATAIN SPECIALTY INSURANCE COMPANY | |
| | Total Charges | 32.00 |
| | Total Payments and Credits | 32.00 |
| | **Balance Due as of 12/8/2015** | **0.00** |
| | **Plaintiff** FIVE BROTHERS JALISCO PRODUCE | |
| | Total Charges | 568.00 |
| | Total Payments and Credits | 568.00 |
| | **Balance Due as of 12/8/2015** | **0.00** |
| | **Plaintiff** FIVE BROTHERS JALISCO PRODUCE | |
| | Total Charges | 196.00 |
| | Total Payments and Credits | 196.00 |
| | **Balance Due as of 12/8/2015** | **0.00** |

*Printed on 12/08/2015 at 10:23 AM*